Texas & Pacific Railway Company v. W. M. Easton.

No. 96.

1. **Fellow Servants — Railway Companies Using Joint Track.—** In a suit against a railway company for personal injuries, it appeared that the plaintiff was an engineer in the service of another railway company which jointly used a certain track of the defendant company; that all trains when on such joint track were under orders of the defendant's train dispatcher; that plaintiff was operating his employer's train on such joint track under directions of such dispatcher to meet one of defendant's trains at a designated point; that the engineer of defendant's train, in violation of his orders, ran by the meeting point, and plaintiff was injured in a collision that ensued. *Held,* that plaintiff and the engineer of defendant's train were not fellow servants.

2. **Same—Cases Distinguished.—**Railway v. Dorsey, 66 Texas, 148, and Railway v. Jones, 75 Texas, 151, distinguished from the present case on the point of fellow servants.

3. **Pleading—Fact Specially Known to Opposite Party.—**An averment that the injury complained of was caused by the negligence of " the defendant, its agents and employes," is sufficient, without specifying the particular agent or employe guilty of the negligence, that being a fact in this case peculiarly within the knowledge of the defendant.

4. **Charge of Court—Harmless Error.—**An instruction, that if by the use of ordinary care by any of defendant's servants then in charge of defendant's train the collision could have been avoided, they should find for plaintiff, was not to the injury of defendant where there was no conflict in the evidence that the collision resulted from the negligence of the engineer of defendant's train.

Appeal from Grayson.   Tried below before Hon. P. B. Muse.

*Head & Dillard,* for appellant.—1.  Plaintiff's injuries were caused by the negligence of those who are in law deemed his fellow servants.   Railway v. Jones, 75 Texas, 151; Railway v. Dorsey, 66 Texas, 152.

2.  Plaintiff's petition was insufficient, in that it did not show the specific act of negligence upon the part of this defendant which brought about plaintiff's injuries, nor by what person, agent, or employe such negligent act was done.   Railway v. Hennessey, 75 Texas, 155.

*A. B. Person* and *Stratton & Moseley,* for appellee.—1.  Plaintiff was not a fellow servant of the employes of defendant.   Sulevain v. Railway, 8 Am. St. Rep., 793; Railway v. De Armond, 6 Am. St. Rep., 816; Railway v. State, 10 Am. and Eng. Ry. Cases, 792; Zeigler v. Danbery, 23 Am. and Eng. Ry. Cases, 400; Sellars v. Richmond, 25 Am. and Eng. Ry. Cases, 451.

2.  When plaintiff alleges a state of facts which could not occur without negligence of the defendant, negligence will be presumed; nor will the plaintiff be held bound to allege such facts as are in the very condition of things peculiarly within the knowledge of the defendant.   Patt. Ry. Acc.

Law, 438–442; Whart. on Neg., sec. 421; Scott v. Dock Co., 3 H. & C., 596; Railway v. Mitchell, 11 Heisk., 400; Railway v. Brinker, 68 Texas, 500; Smith v. Railway, 32 Minn., 1; Railway v. Smith, 74 Texas, 278; Railway v. Hennessey, 75 Texas, 155; Feital v. Railway, 108 Mass., 405; Oldfield v. Railway, 14 N. Y., 310; Railway v. Keely, 23 Ind., 133; The State v. Railway, 52 N. H., 528; Noyes v. Turnpike Co., 11 Vt., 538; Thomp. on Neg., 1248; Railway v. Mowery, 36 Ohio St., 418; Railway v. Allbriton, 38 Miss., 242.

TARLTON, CHIEF JUSTICE.—Appellant prosecutes this appeal from a judgment rendered by the District Court of Grayson County in favor of appellee. The suit is for damages on account of personal injuries sustained by the appellee.

On February 12, 1889, appellee was in the employ, as an engineer, of H. C. Cross and Geo. A. Eddy, receivers of the Missouri, Kansas & Texas Railway Company. He was operating a freight train of nineteen cars on the line or track of railway between Whitesboro, in Grayson County, and Fort Worth, in Tarrant County. This line of railway was the property of the Texas & Pacific Railway Company. By an arrangement between this company and the receivers of the Missouri, Kansas & Texas Railway Company, the precise character of which is not disclosed by the record, this line of railway, while exclusively owned by the Texas & Pacific Railway Company, was jointly used by the latter company and the receivers of the Missouri, Kansas & Texas Railway Company. The trains of the receivers, while on the joint track, were, by virtue of the arrangement referred to, operated under the orders of W. S. Polhemus, dispatcher and superintendent of the Texas & Pacific Railway Company. The appellee, on the day named, in charge of the train of the receivers of the Missouri, Kansas & Texas Railway Company, as already stated, had received orders from Mr. Polhemus to meet the Texas & Pacific train at Mingo, a station in Denton County, between the towns of Pilot Point and Denton. The engineer operating the latter train had likewise received orders to meet the Missouri, Kansas & Texas train operated by appellee at Mingo. The engineer in charge of the Texas & Pacific train violated the orders received by him, and hence, at a point about four miles north of Mingo, without fault on the part of the appellee, and in spite of a diligent effort by him to avoid the catastrophe, and on account of the negligence of the engineer of the Texas & Pacific train, the trains collided, seriously injuring the appellee.

We are unable to approve the proposition of appellant, that under the facts above recited, which were covered by the allegations in plaintiff's petition, the appellee and the employe on appellant's train to whose negligence the injuries in question are to be ascribed, were fellow servants.

The relation of fellow servant imports that the persons affected shall be " engaged in the employment of the same master, in the performance of a common work, and in the discharge of duties having in view the same general purpose." We do not think, under the facts stated, that the engineer of the Missouri, Kansas & Texas Railway Company was a fellow servant with the employe of the Texas & Pacific Railway Company, so as to prevent a recovery by him for injuries due to their negligence, though a joint track was used by the two companies. The fact that the plaintiff was subject to the orders 'of his masters, the receivers, and by virtue thereof to the control of the superintendent or dispatcher of the Texas & Pacific Railway Company, indicates that such superintendent was, pro hac vice, the representative of the receivers, rather than that the plaintiff was the servant of the Texas & Pacific Railway Company.

The appellant, in support of the proposition referred to, cites the cases of Railway v. Dorsey, 66 Texas, 148, and Railway v. Jones, 75 Texas, 151. We think both these cases clearly distinguishable from the present case. There the plaintiff was engaged in the general service of both the railway companies involved. Here the plaintiff was the servant only of the receivers of the Missouri, Kansas & Texas Railway Company. While the track on which appellee was operating the train of the receivers was jointly used by them and the appellant, the plaintiff was in no sense the servant of appellant. No contract, express or implied, was shown to exist by which, as a servant, he owed it any duty whatever. He was held to obey the orders of the train dispatcher of the appellant, not because the train dispatcher was the employe of the appellant, but because by arrangement between the appellant and the receivers Mr. Polhemus became their train dispatcher also. The plaintiff, in receiving orders from the train dispatcher mentioned, is presumed to have been acting in obedience to the commands of the receivers, between whom and himself alone a contractual relation is shown to have existed.

The plaintiff's petition charges the negligence to which his injuries are ascribed as the negligence of " the defendant, the Texas & Pacific Railway Company, its agents and employes," without specifying the particular agent or employe guilty of the negligence causing the misfortune, and without stating the specific act of negligence complained of. The appellant complains of the action of the court in overruling the special exception addressed, on account of the omission stated, to the plaintiff's petition. The facts alleged in the petition justify the inference that the accident described was due to the negligence of the defendant. The evidence developed on the trial showed that this negligence was to be ascribed to the engineer in charge of the defendant's train. This fact, however, the defendant, in framing his petition, could not be supposed to know. It was, on the contrary, a fact peculiarly within the knowledge of the defendant. This peculiar knowledge, together with the ab-

sence of information on the part of plaintiff as to the special source of the injuries complained of, is, we think, naturally to be inferred from the averments of the petition. Under such circumstances, the pleader is not held to the specific averments, the absence of which appellant complains of. Railway v. Smith, 74 Texas, 276. The circumstances attendant upon the accident were sufficiently described in the petition to apprise the appellant of the negligence with which it was charged, and of the source thereof, to enable appellant to prepare its defense.

Appellant complains of the following paragraph of the court's charge: "And if you further believe that such collision was occasioned by the negligence of any of the agents, servants, or employes of the defendant, the Texas & Pacific Railway Company—that is, if you believe that by the use of ordinary care and caution by any agent, servant, or employe of the defendant, the Texas & Pacific Railway Company, then in charge of the train of the defendant, the Texas & Pacific Railway Company, such collision could have been avoided—you will return a verdict in favor of the plaintiff." Appellant objects to this charge, on the ground that it " embraces negligence on the part of any or all of the servants" of the company operating the train occasioning the collision, whereas it should have been confined to the negligence of the engineer who, under the undisputed testimony, was responsible for the accident. The instruction was framed in conformity with the allegations of the petition. If it was not limited to the particular employe shown by the evidence to have been guilty of negligence, and if for that reason it be erroneous, we do not think that, as there is no conflict in the evidence with reference to the negligence of the engineer, it could possibly have been detrimental to appellant.

Having thus disposed of all the questions raised in appellant's brief, we conclude that the judgment should be affirmed. It is so ordered.

*Affirmed*

Delivered February 23, 1893.

Justice HEAD did not sit in this case.

A motion for rehearing was overruled.