MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. O. E. NEAVES.

Decided April 9, 1910.

1.—Personal Injury—Railroad Employee—Jurisdiction of State Court—Pleading.

When, in a suit in a State court by a railroad employe against the company for damages for personal injuries, the plaintiff's petition does not disclose that the suit is based upon the federal statute relating to the liability of railroad companies to their employes, it must be held .that he is not seeking to recover for an injury received while engaged in interstate commerce, and the sufficiency of his petition must be tested by the State law.

**2.—Same—Evidence.**

A railroad company can not complain of being forced to submit to the jurisdiction of a State court in a suit by an employe for damages for personal injuries when there is no evidence that the train, in the operation of which the plaintiff was injured, nor any car in the same, was being used in interstate traffic.

**3.—Pleading—Knowledge of Fact.**

When a fact is peculiarly within the knowledge of the defendant, the plaintiff is relieved of the necessity of using that degree of accuracy and certainty which is required when the fact is known to him.

**4.—Charge—Construction.**

A charge should be considered and construed as a whole and any laxity of expression in one part might be cured by a more accurate expression in another. Rule applied in suit for personal injuries.

**5.—Depositions—Return—Certificate of Postmaster.**

Under our present statute it is not necessary that the envelope in which depositions are returned into court by mail, should have endorsed thereon a certificate of the postmaster or of his deputy that he received the same from the hands of the officer before whom they were taken.

**6.—Same—Motion to Quash—Misnomer.**

A motion by a defendant railroad company to quash the depositions of a witness for plaintiff on the ground that the words "of Texas" were omitted from the name of the defendant in the copy of the precept served on it, considered, and held properly overruled because the identity of the defendant was not thereby rendered uncertain and the defendant could not have been misled thereby.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke* and *Head, Dillard, Smith & Head,* for appellant.—Inasmuch as if the defendant was a railroad engaging in Interstate Commerce and plaintiff was in its employ in connection therewith at the time he was injured, his cause of action and defendant's liability would be governed by and founded upon the Act of Congress passed April 22, 1908, entitled "An Act relating to the liability of common carriers by railroad to their employes in certain cases," while if defendant was not so engaged the rights of the parties would be governed by and founded upon the fellow servant and assumption of risks statutes and other laws of the State of Texas, the defendant by special exception had the right to require plaintiff to allege in his petition such facts as would enable it and the court to determine under which of these laws the case was to be tried. Ewing v. Duncan, 81 Texas, 236-7.

The court erred in the following part of section 4 of his general charge to the jury: "When a person enters the service of a railway company in the capacity of brakeman, he assumes all the risks of danger ordinarily incident to such employment, and if he receives an injury attributable to one of such risks the railway company is not liable for damages therefor. But such a person does not assume any risk of danger resulting from the negligence, if any, of such railway company, its agents or employes, and if he be injured as a result of

such negligence, the railway company is responsible to such person in damages for such injury, provided such person is himself, at the time of his injury, free from negligence proximately contributing to bring about such injury, and provided further that such person did not know, or in the exercise of ordinary care for his own safety, could not have known of the negligence, if any, on the part of the railway company in time to have avoided injury therefrom." Hazard v. Western Comm. Trav. Ass'n, 54 Texas Civ. App., 110; Dallas & O. C. Elec. Ry. Co. v. Harvey, 27 S. W., 423; Lodwick Lumber Co. v. Taylor, 39 Texas Civ. App., 302; Ft. Worth & N. O. R. Co. v. Enos, 50 S. W., 595; Texas M. R. R. Co. v. Taylor, 44 S. W., 892.

The deposition of the witness James Kay, having been taken upon written interrogatories and not orally, the statute required that the envelope in which the same were returned should have endorsed thereon a certificate of the postmaster or his deputy that he received the same from the hands of the officer before whom they were taken; and as there was no such certificate upon the envelope which contained this deposition, plaintiff's motion to quash said deposition should have been sustained. Rev. Stats., art. 2286; Acts 1907, page 186; McIlvaine's Dig., 2291a-2291f.

*Jas. P. Haven* and *J. H. Wood,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by the appellee to recover damages for injuries received by him while in the employ of appellant as brakeman on a freight train en route from Greenville, Hunt County, Texas, to Denison, Grayson County, Texas. The accident was the result of appellant's negligence, and occurred on the 18th day of October, 1908, at the town of Celeste in said Hunt County, while appellee was in the discharge of his duties.

At the time appellee was hurt, the crew in charge of the train was making what is known as a "dropped switch." In doing this the engine "passed up the track with several cars ahead of it, then backed back, and as it did so one of the crew uncoupled the last three cars furthest from it; the engine and remaining cars then increased speed and pulled away from the cars which had been cut off. After the engine and cars passed over, the switch was thrown, allowing the three cars to go in on a sidetrack for the purpose of being coupled on to the string of cars which constituted the train upon which appellee was employed." It was appellee's duty to ride the three cars in on the sidetrack and to apply the brake on them so as to prevent any unnecessary jar or breakage to the equipment when the three cars should couple to the train. In the performance of this duty appellee got upon one of said cars, a coal car, and attempted to set the brake, but it would not work. Then he went on top of a box car, described in the record as the Wabash car, and tried the brake on that car and it would not work. Immediately following the effort of appellee to set or operate the brake on the Wabash car, and before he could do anything to protect himself, the cars being switched struck those standing on the sidetrack with such force that he was thereby thrown

between the Wabash car and coal car and seriously and permanently injured.

The first and second assignments of error complain of the court's action in refusing to sustain certain special demurrers urged by the defendant to plaintiff's petition. These demurrers attack the sufficiency of the petition on the grounds: (1) that "it does not show whether at the time plaintiff was injured he was engaged in interstate commerce;" (2) the facts alleged do not show whether the liability of the defendant is or is not regulated by the Act of Congress passed the 22d day of April, 1908, entitled, "An Act relating to the Liability of Common Carriers by Railroads to their Employes in Certain Cases." These assignments will be overruled. We passed upon the questions presented in them in the recent case of the Missouri, Kansas & Texas Railway Company of Texas v. Hawley, 58 Texas Civ. App., 143 (123 S. W., 726), and held against the views of appellant. In that case we were inclined to the opinion, as therein expressed, that the allegations of the plaintiff's petition affirmatively showed that, at the time he was injured, the defendant was engaged in intrastate and not interstate commerce; but our decision was not predicated alone upon that view. We held that, even though the petition was not subject to our construction, it was not demurrable. We were then, and now are, of the opinion that if, in a case of this character, brought in a State court, the plaintiff's petition does not disclose that the suit is based upon the Federal statute under consideration, it must be said that he is not seeking to recover for an injury received while engaged in interstate commerce, and the sufficiency of his petition must be tested by the State law. Thornton's Treatise on the Federal Employers' Liability and Safety Appliance Act, section 107.

In Nelson v. Southern Ry. Co., 172 Fed. Rep., 478, it is held that an action pending in a State court, even though it be brought under and in reliance upon the Employers' Liability Act, where the declaration contains no statement or suggestion that the result of the suit will depend upon the construction of the Act, is not removable on the ground that it presents a Federal question. There is not the slightest suggestion in plaintiff's petition in the present case that it is brought under the Employers' Liability Act or that the result of the suit will involve or depend upon the construction of said Act.

Another reason given in Hawley's case for holding that his petition was not obnoxious to the railway company's demurrers was the failure of the evidence to disclose that the train upon which he was at work, or any car in said train, was being used in interstate traffic, and therefore the railway company sustained no injury on account of the court's action in overruling said demurrers. In this respect the case at bar and the Hawley case are not dissimilar, and for a like reason the appellant has sustained no injury in having its demurrers overruled. Again, whether the appellant and appellee were engaged in interstate commerce at the time the latter was injured was a fact peculiarly within its knowledge, and "in such case the pleader, under our practice, is relieved from the necessity of using that degree of accuracy and certainty which would be required were the facts known

to him." East Line & R. R. Ry. Co. v. Brinker, 68 Texas, 508; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Texas, 276; Texas & P. Ry. Co. v. Easton, 2 Texas Civ. App., 380 (21 S. W., 575).

But appellant, in support of its contention that appellee's petition is demurrable for the reasons urged in the exceptions thereto, cites the cases of Fulgham v. Midland V. Ry. Co., 167 Fed. Rep., 660, and Cound v. Atchison, T. & S. F. Ry. Co., 173 Fed. Rep., 527. These cases, especially the case of Cound v. Railway Co., are in conflict with the case of Nelson v. Southern Ry. Co., *supra,* and the views of Mr. Thornton as expressed in section 107 of his work cited above; and, if they can be relied upon as authority for the position assumed by appellant, that where a suit of this character is brought in a State court the plaintiff's petition is subject to demurrer unless it discloses whether or not the plaintiff, at the time he was injured, was engaged in interstate commerce, we are not disposed to follow them. We do not think the cases go to the extent suggested.

The assignments point out no reversible error in either the fourth or sixth paragraph of the court's general charge. The fourth paragraph submits the issue of assumed risk and is not subject to the criticism of appellant to the effect that it is defective in that it unqualifiedly declares that when a person enters the service of a railway company in the capacity of brakeman he does not assume any risk or danger resulting from the negligence of such company, its agents or employes. The effect of the charge was to tell the jury that such person did not assume any risk of danger resulting from the negligence, if any, of the railway company, its agents or employes, unless he knew of such negligence, or, in the exercise of ordinary care for his safety, could have known of the same. Nor was the charge misleading and erroneous in that it failed to confine the jury upon this subject to the particular acts of negligence charged and upon which the recovery was sought. It was not essential to avoid, on the part of the jury, a misconception of the rule by which they were to be guided in determining the issue of assumed risk, that the charge should have in terms confined them to a consideration of the specific act or negligence alleged. It is not likely that, under the charge in question, the jury may have understood that they could decide for themselves, aside from other charges in the case, what would constitute negligence, and therefore render their verdict in accordance with their own views without reference to the allegations of the petition.

The sixth paragraph grouped the facts upon which the jury were authorized to find for the plaintiff, and instructed them, among other things, as follows: "And if you further believe from the evidence that, had the braking apparatus of said car been in the proper condition, plaintiff could and would have set said brake and thereby avoided being thrown from said car; and if you further believe from the evidence that in permitting said braking apparatus on said car to become or to remain in the condition in which you find the same to have been at the time of the occasion in question, defendant was guilty of negligence as that term has been hereinbefore defined to you, and that such negligence, if any, was the proximate cause of plaintiff's in-

juries, if any, you will find for plaintiff and assess his damages as hereinafter directed, unless you should find for defendant under other instructions given you." The objection to this charge is that, in the use of the expression "proper condition," the charge left it entirely to the jury to determine what was the proper condition of the apparatus to which it referred, and therefore allowed the jury too broad a scope and discretion. Whatever error there may have been in this portion of the charge standing alone, it was cured by the definition given of "proper condition" in the seventh paragraph immediately following it, which is in this language: "On the other hand, if you believe from the evidence that the braking apparatus on said Wabash car was in proper condition, that is, in such condition as that it was able to perform its ordinary functions of setting the brake when used in the customary manner in which same is used under similar circumstances, or if you do not believe from the evidence that said braking apparatus was in such condition, but you do believe from the evidence that the condition you find same to have been in was such that, in the exercise of ordinary care, such condition could not have been discovered by defendant when it sent said car out for use, etc., . . . then find for the defendant."

Appellant's fifth assignment is predicated upon the court's action in refusing to quash the deposition of plaintiff's witness James Kay. The grounds upon which it was sought to quash the deposition are: (1) The envelope in which said deposition was returned into court does not bear the endorsement of the postmaster or of his deputy mailing the same, that he received the same from the hands of the officer before whom it was taken, said deposition being returned into court by mail; (2) the original precept upon which the notice to take the deposition of said Jas. Kay was served commanded service upon the Missouri, Kansas & Texas Railway Company, a corporation, recited to be the defendant in this cause. Said Missouri, Kansas & Texas Railway Company is a foreign corporation, incorporated under the laws of the State of Kansas; (3) the copy of the precept upon which the notice to take the deposition of said Jas. Kay was served commanded service upon the Missouri, Kansas & Texas Railway Company, a corporation, recited to be the defendant in this cause. Said Missouri, Kansas & Texas Railway Company is a foreign corporation, incorporated under the laws of the State of Kansas, whereas this defendant is a corporation incorporated under the laws of the State of Texas." The court did not err in overruling the motion to quash. In construing our present statutes upon the subject in the recent case of Texas & Pac. Ry. Co. v. Mosley, 103 Texas, 79, the Supreme Court held that it is not now necessary that the envelope in which depositions are returned into court by mail should have endorsed thereon a certificate of the postmaster or of his deputy that he received the same from the hands of the officer before whom they are taken. The discussion of the matter in the case mentioned is full and convincing, and it is unnecessary for us to attempt to add anything thereto.

The other ground urged—the omission of the words "of Texas" from the name of the defendant in the original precept and copy

thereof served on it—furnishes no sufficient reason for the suppression of the deposition. As shown by the record, the original precept was not defective in the respect mentioned. The style and number of the suit given therein is "O. E. Neaves v. M., K. & T. Ry. Co. of Texas, No. 18153;" it shows the suit was pending in the District Court of Grayson County, and commands the sheriff to serve the "Missouri, Kansas & Texas Railway Company of Texas, a corporation, the defendant in the above stated cause, or its local agent, J. J. Carson." The copy of the original precept served on the appellant is an exact copy of said original, except that the words "of Texas" are omitted from the name of the defendant as it appears in the body of the copy, and it does not appear that there was any suit pending in the District Court of Grayson County, Texas, at this time, against the Missouri, Kansas & Texas Railway Company, or against the defendant herein, except this suit. It also appears that the copy of the precept, together with a copy of the interrogatories filed, was served on the defendant in this suit by a delivery of the same to J. J. Carson, its local agent at Sherman.

From the foregoing facts it seems clear the omission of the words "of Texas" from the name of the defendant, as stated in the body of the precept served on the appellant, did not render the identity of the defendant to the suit so uncertain as to mislead the appellant in regard thereto. These words do appear as a part of the name of the defendant in the style of the case as stated in the precept; the correct docket number of the case appears therein, and the party upon whom the sheriff is directed to serve the precept is therein declared to be the defendant in this styled and numbered suit. With these recitals in the precept there could be no real difficulty in determining who the parties to the suit were, and that it directed service thereof to be made on the appellant. The motion to quash the deposition was therefore properly overruled. Wandelohr v. Grayson County Nat. Bank of Sherman, 90 S. W., 180.

We have examined with care all the assignments of error, and believe none of them disclose reversible error.

The verdict is sustained by the evidence, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.