MISSOURI, K. & T. RY. CO. OF TEXAS v. SCOTT.†

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1912. Rehearing Denied Feb. 3, 1912.)

1. MASTER AND SERVANT (§ 258*)—INJURIES—SUFFICIENCY OF PETITION—ALLEGATION OF NEGLIGENCE.

The petition alleged that defendant's railroad crossed the tracks of another road at a point where an interlocking system was maintained with a signal tower and operator, and that, as the train of which plaintiff was engineer approached the signal tower, signals were displayed indicating that he had the right of way, relying on which he approached the crossing, but that, when near it, the operator derailed the engine which turned over and allowed hot water and steam to escape upon plaintiff, who was pinioned thereunder; that defendant was guilty of negligence in causing the derailment, in that, when the operator signaled the right of way to plaintiff, it was his duty to let plaintiff have the right of way across the crossing, but the operator negligently took the right of way from plaintiff's engine and negligently derailed it. *Held*, that the petition sufficiently alleged the negligence relied on, which was the act of the tower operator in giving a clear right of way signal and then not giving plaintiff's engine the right of way.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 258.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

Where the evidence, in a railroad engineer's action for personal injuries by the derailment of his engine by the negligence of a switch tower operator, showed that, as plaintiff's train approached, the signals showed a clear right of way, and that the tower operator had sole charge of the tower and signals, it was not error to submit the question of his negligence in throwing the derailing switch, derailing plaintiff's engine.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 11*)—INJURIES—NEGLIGENCE—COMPARATIVE NEGLIGENCE—VALIDITY OF STATUTE.

Employers' Liability Act of 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 10) § 2, provides that, in actions against a railroad company under the act for personal injuries to an employé, the fact that the employé was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished in proportion to the negligence of the employé. *Held*, that the act was constitutional.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 11.*]

4. MASTER AND SERVANT (§ 296*)—INJURIES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In a railroad engineer's action for personal injuries by the derailment of his engine at an interlocking crossing claimed to have been caused by the interlocking operator's negligence, the court charged that if plaintiff approached the crossing at a speed of over 20 miles an hour, or at a high or reckless rate of speed, or failed to keep a proper lookout or obey signals, and was "in any or all of said acts or omissions guilty of contributory negligence that proximately contributed to cause the derailment," such contributory negligence would not prevent his recovery, but his damages should be diminished in proportion to the amount of his negligence in any or all of the manners stated. *Held*, that the instruction was not objectionable for merely limiting the issue of contributory negligence to approaching the crossing "at a high and reckless rate of speed," but also submitted the other forms of contributory negligence noted.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 296.*]

Appeal from District Court, Grayson County; J. M. Pearson, Judge.

Action by W. L. Scott against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex S. Coke and Head, Smith, Hare & Head, for appellant. Wolfe, Maxey, Wood & Haven, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries sustained by him while in the employ of appellant as locomotive engineer. Appellant answered by general and special exceptions, general denial, assumed risk, and contributory negligence. A trial resulted in a verdict and judgment for $8,800 in favor of appellee, from which this appeal is taken.

Error is urged in the action of the court for overruling the following demurrer, to wit: "Defendant demurs specially to plaintiff's petition, because, first, it is too general, vague, and indefinite; (a) in stating the acts of negligence charged against defendant; and (b) in stating the injuries received by plaintiff." The contention of appellant is that "in a suit for damages for personal injuries alleged to have been caused by the negligence of a defendant it is incumbent upon a plaintiff to allege the facts that constitute such negligence in such a way that the defendant will be apprised of what acts plaintiff will rely on to establish his case, and, where he has failed to make such allegations and defendant files exceptions to the same on account of such failure, such exceptions should be sustained, and the plaintiff required to allege such facts."

[1] The petition alleged, in substance, the injury received by appellee at Waxahachie, Tex., where the appellant's road and the Houston & Texas Central Railroad cross, where there is an interlocking system, the situation there of a tower with appliances therein for the operation of said system and an employé to operate it by signals, etc., to approaching trains, etc., and then proceeds thus: "That on the occasion in question, as the train which plaintiff was operating approached said signals, same were displayed in his favor. That is, signals were given to him indicating that the crossing was clear, and that he had right of way. Relying upon these signals, as it was his duty to do, plaintiff approached said crossing, expecting to have full right of way. When near the crossing, however, the operator in said tower derailed said engine and wrecked the same, and the same turned over, allowing hot water and steam to escape, and plaintiff

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

was thereby thrown to the ground and against objects there situate, and was caught and pinioned in said steam and hot water, whereby he received serious and permanent injuries. That the defendant was guilty of gross carelessness and negligence in causing said derailment, and thereby causing injuries to plaintiff, in this, that, when the said operator in said tower signaled the right of way to plaintiff, it was his duty to let plaintiff have the right of way across said crossing, but regardless of this, and in want of ordinary care, said operator negligently and carelessly took said right of way over said track from plaintiff's engine, and negligently and carelessly derailed the same, and caused the same to be wrecked, thereby injuring plaintiff as aforesaid." The negligence alleged is that of the operator in the tower permitting the signal to indicate a clear right of way to the train operated by appellee, which was not a fact, which caused the derailment of said train. The acts of negligence alleged were as specific as could well be made, as appellee from the situation could not be supposed to know the exact location or acts of the operator of the tower further than alleged. We think the allegations of negligence were sufficiently specific to apprise appellant of what he relied on for a recovery. Railway Co. v. Easton, 2 Tex. Civ. App. 378, 21 S. W. 575.

[2] The second assignment is: "The court erred in giving the fourth paragraph of the main charge to the jury, as follows: 'Now, bearing in mind the foregoing definitions, if you believe from the evidence in this case that, as plaintiff approached the railroad crossing of the Houston & Texas Central Railroad Company near Waxahachie, he blew the whistle of his locomotive for the purpose of notifying the operator in the interlocking tower of the approach of his train, and that the arms of the signal posts were dropped in a slanting position, thereby indicating that said train might approach and cross the said Houston & Texas Central track with safety, and that plaintiff then again blew the whistle of his locomotive for the purpose of notifying the said operator at the interlocking tower that plaintiff had seen the arms of the signal posts in a slanting position and was going to proceed across the Houston & Texas Central track, and did proceed toward said road for the purpose of crossing the same, and as he proceeded the operator of the interlocking tower threw open the derailing switch, and thereby caused plaintiff's locomotive to leave the track and turn over and injure him, and that said operator in so doing was guilty of negligence, as that term has been hereinbefore explained to you, you will find for plaintiff, unless you find for defendant under other instructions given you.'" The proposition submitted is: "So much of the charge given as submitted the issue of the operator in the interlocking tower throwing open the derailing switch and thereby injuring plaintiff should not have been given, because the same was not authorized by the evidence in the case." This criticism of the charge is not well taken. The duty of operating the interlocking plant devolved upon the tower man. No one else had charge thereof, and, as there is no question but that the switch was open, if there was negligence in it being open at that time, the negligence was the negligence of the tower operator. There was evidence that, when the train approached, the signals showed a clear right of way. If this be true, the inference is that the tower operator threw the derailing switch, which caused the derailment of the engine. The evidence clearly raised the issue of negligence of the tower operator, and the court did not err in submitting it to the jury. There was no error in the court refusing to instruct the jury to return a verdict for the defendant. The evidence adduced by plaintiff, we think, raised the issue of the tower operator opening the derailing switch after the signal of safety had been given the appellee while he was approaching the crossing, which supports the verdict in favor of appellee. What we have just said disposes of the fourth assignment of error.

[3] The fifth assignment complains of the charge to the jury submitting the doctrine of comparative negligence, because section 2 of the Texas employers' liability act of 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 10) violates the equal protection clause of the fourteenth amendment of the Constitution of the United States. The constitutionality of said act has been heretofore passed upon by this court, wherein said act was held valid. See Railway Co. v. Jenkins, 137 S. W. 711; Railway Co. v. Taylor, 134 S. W. 819; Railway Co. v. Matkin, 142 S. W. 604, decided by us at this term of court, but not yet officially reported.

[4] The second proposition under the fifth assignment is: "If appellee approached the crossing where the accident occurred at a speed above 20 miles per hour, and at a negligent rate of speed, and this act upon his part contributed to the accident, he would thereby have been guilty of contributory negligence, regardless of whether he approached the crossing 'at a high and reckless rate of speed'; and the court erred in charging that in order for plaintiff to have been guilty of contributory negligence in the matter of speed he must have approached the crossing 'at a high and reckless rate of speed.'" The court's charge relative to this criticism is: "But if you also believe that plaintiff approached said crossing at a speed over 20 miles an hour, or approached at a high and reckless rate of speed, or failed to keep a proper lookout, or failed to obey signals that indicated whether or not he was authorized to proceed to cross said railroad, and was in any or all of

said acts or omissions guilty of contributory negligence that proximately caused, or contributed to cause, the derailment of the locomotive and injuring of himself, such contributory negligence would not prevent plaintiff's recovery for the injuries received by him, if any, but the damages which you would find plaintiff entitled to shall be diminished by you in proportion to the amount of negligence attributable to plaintiff, in any or all of the manners as set forth in this paragraph of this charge." It will be noted that the charge did not limit the issue of contributory negligence to approaching the crossing "at a high and reckless rate of speed," but included other matters as well, so the charge is not subject to the criticism urged.

The sixth assignment complains of the refusal to give a special charge with reference to the degree of negligence of the tower man, and comparing the negligence of plaintiff therewith, and to find a verdict accordingly. This charge was fully covered by the court's main charge, as well as a requested charge by appellant given by the court.

The evidence supports the verdict and judgment; and, there being no reversible error in the record, the judgment is affirmed.