ST. LOUIS, S. F. & T. RY. CO. v. SEALE
et al.

(Court of Civil Appeals of Texas. Dallas.
June 15, 1912. On Rehearing,
June 22, 1912.)

1. MASTER AND SERVANT (§ 256*)—INJURIES
TO EMPLOYÉ—ACTIONS—WHAT LAW GOV-
ERNS.

Where the petition in an action for the
death of a railroad employé does not disclose
that the suit is based on the federal Employ-
er's Liability Act (Act Cong. April 22, 1908, c.
149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911,
p. 1322]), it will be held that plaintiff is not
seeking recovery for an injury received while
engaged in interstate commerce, and the suffi-
ciency of the petition must be tested by the
state law.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig.
§ 256.*]

2. PARTIES (§ 76*) — WANT OF CAPACITY TO
SUE—PLEA IN ABATEMENT.

Where no plea in abatement for want of
capacity in plaintiffs to maintain the suit was
filed, as required by Rev. St. 1895, arts. 1268,
1269, defendants' requested instruction for a
directed verdict because of plaintiffs' alleged
incapacity to prosecute the suit was properly
refused.

[Ed. Note.—For other cases, see Parties,
Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

3. MASTER AND SERVANT (§ 262*)—INJURY TO
EMPLOYÉ—DEFENSES—PLEADING.

Where, in an action in the state court for
the death of a railroad employé, plaintiffs set
forth in their petition a fact entitling them to
recover under the statutes of Texas, and the
defendants did not plead the federal Employ-
er's Liability Act (Act Cong. April 22, 1908, c.
149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911,
p. 1322]), defendants could not invoke the fed-
eral statute to defeat the plaintiffs' right of
recovery.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 855–859; Dec. Dig. §
262.*]

4. DEATH (§ 31*)—PERSONS ENTITLED TO
SUE—BENEFICIARIES.

The fact that an action under the state
statute for the death of a railroad employé
was brought in the name of the real beneficia-
ries, and not in the name of some administra-
tor or executor of the decedent's estate, did
not prevent a recovery.

[Ed. Note.—For other cases, see Death,
Cent. Dig. §§ 35–46, 48; Dec. Dig. § 31.*]

On Rehearing.

5. COMMERCE (§ 27*)—RAILROADS — EMPLOY-
ER'S LIABILITY ACT.

Where a switchyard clerk while taking
data from cars, some of which had just arrived
from outside the state, but none of which were
shown to be destined for any such points, was
killed by a switch engine operated by the local
switch crew, the cause of action for his death
was not controlled by the federal Employer's
Liability Act (Act Cong. April 22, 1908, c. 149,
35 Stat. 65 [U. S. Comp. St. Supp. 1911, p.
1322]); the defendant railroad company in its
relation to the accident not being engaged in
interstate commerce.

[Ed. Note.—For other cases, see Commerce,
Cent. Dig. § 25; Dec. Dig. § 27.*]

Appeal from District Court, Grayson
County; B. L. Jones, Judge.

Action by Maude Seale and others against
the St. Louis, San Francisco & Texas Rail-
way Company. From a judgment for plain-
tiffs, defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Ft. Worth,
and Head, Smith, Hare & Head, of Sher-
man, for appellant. Wolfe, Maxey, Wood &
Haven, of Sherman, for appellees.

RAINEY, C. J. Appellees sued the ap-
pellant to recover damages for the negli-
gent killing of Memory T. Seale, who was
the son of T. H. and J. E. Seale, and the
husband of Maude Seale. A trial was had
and a verdict and judgment were rendered
for plaintiffs, and defendant appeals.

Appellant complains of the action of the
court in overruling its second and third
special exceptions to plaintiffs' petition, on
the ground that said petition did not show
that at the time of the accident whether or
not defendant was engaged in interstate
commerce, and whether or not deceased was
engaged in handling said commerce.

[1] The proposition submitted by appel-
lant under said assignment is: "If defend-
ant was engaging in the transportation of
interstate commerce, and deceased was in its
employ in connection therewith at the time
he was injured, the cause of action and de-
fendant's liability would be governed by and
founded upon the act of Congress passed
April 22, 1908, entitled 'An act relating to
the liability of common carriers by railroads
to their employés in certain cases,' while, if
defendant was not so engaged, the rights of
the parties would be governed by and found-
ed upon the death and assumption of risk
statutes and other laws of the state of Tex-
as. These laws being different, the defend-
ant, by special exception, had the right to
require plaintiffs to allege in their petition
such facts as would enable it to determine
which of these laws applied." We do not
think the court erred in overruling the ex-
ceptions as stated. The action was brought
under the state law and the petition stated
a good cause of action, and was not subject
to the exceptions presented. This precise
question was passed upon by this court in
the case of Railway Co. v. Neaves, 127 S. W.
1090, and a writ of error was denied by our
Supreme Court; the holding in said case be-
ing contrary to appellant's contention.

The evidence shows that at the time Mem-
ory T. Seale was killed he was in the em-
ploy of appellant in the capacity of yard
clerk in the yards in North Sherman, Gray-
son county, Tex. While in the discharge of
his duties as such clerk he was struck and
killed by appellant's servants in the negli-
gent operation of an engine. The court did
not err in charging the jury that deceased
had just gone to work as yard clerk for ap-
pellant. The evidence shows he was killed
at night when he had been at work for the
first time in that capacity about forty min-
utes. We think the evidence such that the

issue of discovered peril was raised, and the court did not err in charging on that issue.

[2] The trial court refused a special charge requested by appellant, of which it complains, said charge reading: "The plaintiffs in this case are not shown to be the legal representatives of the deceased, M. T. Seale, and are not entitled to prosecute this suit, nor to recover in any sum, and you will therefore return your verdict in favor of defendant." The proposition submitted thereunder is: "The deceased, at the time of receiving the injuries which caused his death, was engaged in interstate commerce, and the cause of action, if any, arising on account of his death is based upon, and controlled by, the act of Congress approved April 22, 1908, entitled 'An act relating to the liability of common carriers by railroads to their employés in certain cases,' commonly called the 'Federal Employer's Liability Act,' and not the Texas death statute, which was superseded by the said act of Congress as to causes of action coming within its terms, and, since the plaintiffs have not brought themselves within the provisions of said act, there can be no recovery on their part in this suit." We are of the opinion that the court did not err in refusing said charge. There was no plea in abatement for the want of capacity in plaintiffs to maintain this suit, which was necessary under our statutes to take advantage of such defects, if any, and which plea should be filed in due order of pleading. Rev. St., arts. 1268, 1269; Blum v. Strong, 71 Tex. 328, 6 S. W. 167.

[3] The statutes of Texas authorize a recovery by plaintiffs as set forth in their petition, and there was no pleading by defendant setting forth as a defense to said cause the act of Congress approved April 22, 1908, entitled "An act relating to the liability of common carriers by railroads to their employés in certain cases," commonly called the "Federal Employer's Liability Act," which act, whatever effect it may have upon the state statutes, cannot be invoked to defeat plaintiffs' right of recovery in this suit, as it was in no way pleaded by defendant.

[4] The plaintiffs are the real beneficiaries. The fact that the suit was not brought in the name of some administrator or executor of the estate of Memory T. Seale, deceased, should not prevent a recovery.

All assignments not mentioned herein have been considered, but none present reversible error.

The evidence supports the verdict, and the judgment is affirmed.

#### On Rehearing.

[5] Appellant insists that the facts of this case bring it within the act of Congress approved April 22, 1908, known as the "Fed-eral Employer's Liability Act," and the same is controlled by its provisions. As said by Mr. Chief Justice Brown in the case of M., K. & T. Ry. Co. of Texas v. Blalack (Sup.) 147 S. W. 559, recently decided: "This court has never questioned that the Constitution of the United States and the laws enacted by Congress in the exercise of powers derived from that Constitution are superior to the laws of this on the same subjects." We are of the opinion, however, that the facts in this case do not bring it within the purview of the federal statute. The deceased was run over and killed by a switch engine operated in the yards of appellant in Sherman, Tex. He was working under T. A. Gribble, who was chief clerk out at those yards, and in charge of the same. Deceased's work was done in connection with the clerks in the yards, and with the switch crew. After a train was brought in, it was delivered to the switch crew. The first act was to obtain the numbers of the cars and make a record of them in the office. Then the switch crew began the work of tearing the train up and making new trains. He got the numbers and initials of each car that came in and went out of the yards. When a train comes in the yards, he goes out and gets the number and initials of each car, and gets the seals that are on the car doors. Whatever impression is on the seal he keeps in his book that he carries. He gets the number of the train. He gets the cars that are made out for this train according to the conductor's switch list. He puts the cards on the cars in order that the switchman may switch the train properly. After he does that, he goes in the office and checks his list, checks his book in the office with the train clerk, and also enters his seals. It is done in order to keep records. A train was coming in from Oklahoma at that time. It was a freight train. The North Sherman yards were the terminal for that train; that is, that was the end of the run of that train. If any trains went south, they were made up in the yards, new trains, and sent south, or other trains made up and sent north. The evidence does not show that any of the cars in the train coming in were destined for other points. Such being the evidence, this case is not controlled by said federal act.

The motion for rehearing is overruled.