## UNIVERSAL TRANSP. CO. v. RAMOS.

### No. 8549.

Court of Civil Appeals of Texas. San Antonio.

Feb. 18, 1931.

Rehearing Granted March 18, 1931.

R. L. House, R. H. Mercer, and I. W. Griffiths, all of San Antonio, for appellant.

E. H. Crenshaw, Jr., Gus L. Kowalski, and G. W. Coffman, Jr., all of Kingsville, for appellee.

COBBS, J.

Appellee sued appellant to recover of him damages resulting from a collision, between appellant's truck and the truck of appellee, while he was traveling along highway No. 16, in a northerly direction. It was alleged that the driver of appellant's truck was passing appellee's truck and was only a few feet in front or north of appellee's truck when he suddenly and without warning to appellee turned his truck to the right and struck appellee's truck and knocked appellee into a ditch, overturning appellee; and appellee alleged that the driver and agent of appellant was guilty of negligence in turning his truck back to the right side of the road before completely passing appellee's truck.

There were many exceptions filed to the petition, which were overruled by the court, and the case was submitted to the jury on special issues. The jury returned a verdict for appellee in the sum of $350, for which judgment was rendered by the court.

The jury gave affirmative answers to issues No. 1 to No. 4, inclusive, and in answer to issues No. 5 and No. 6 found that the accident was not an unavoidable one, and that $350 would adequately compensate appellee for the injuries he had sustained.

We do not think the court erred in not sustaining appellant's general demurrer, be-cause the petition did fairly state a good cause of action. The petition alleged plainly and sufficiently that the act was committed while the agent was acting within the scope of his employment.

We think there was no fundamental error committed in failing to give judgment for defendant, because the evidence established the fact that the negligence of appellant's driver was the proximate cause of the collision, as a result of which appellee was thrown from his truck when the same was capsized and thrown against the steering wheel and windshield thereof, and was seriously and painfully bruised in various parts of his body, particularly his head, neck, shoulders, arms, back and legs, and his right elbow joint dislocated.

We do not think it was a material error that the state license No. 114074, was not correct; because it was alleged by appellee that it was a truck owned and operated by appellant, and the description by state license number was not material in this case. This truck was otherwise shown, proven, and identified as one belonging to the appellant, and the truck which caused the alleged injury and damage. McClelland v. Smith, 3 Tex. 213; Sealy Cotton Co. v. G. and S. (Tex. Civ. App.) 258 S. W. 911; Wilson, etc., Co. v. James (Tex. Civ. App.) 271 S. W. 424; Texas & Pacific Ry. Co. v. Easton, 2 Tex. Civ. App. 378, 21 S. W. 575; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Tex. 276, 11 S. W. 1104.

The allegation in respect to the state license number should be treated as mere surplusage; a plaintiff is only required to allege and prove the substance of an issue. Fort Worth & D. C. Ry. Co. v. Lovett (Tex. Civ. App.) 243 S. W. 519; Fishburn Motor Co. v. Davis (Tex. Civ. App.) 287 S. W. 1101.

The charge of the court on the proposition of evidence was substantially correct. It was not a charge on the weight of the evidence and did not tend to indicate to the jury one way or the other that in the opinion of the court either appellant or appellee had produced in court a greater amount of credible testimony.

Under the facts in this case we do not think the court should have submitted to the jury any question of unavoidable accident, for the reason that there was no evidence to support an affirmative answer to such an issue. The error of the trial court in placing upon appellant the burden of proving that an unavoidable accident occurred was therefore harmless. The driver of the truck that struck appellee's truck was not placed on the witness stand, nor did any witness attempt to explain the collision in any way which would indicate that it was due to an unavoidable accident instead of negligence of

240

appellant's driver who struck appellee's truck. Dallas R. & Terminal Co. v. Darden (Tex. Civ. App.) 23 S.W.(2d) 739.

■ It was not error to admit the testimony of L. G. Roehmer as to his conversation with Mr. Griffith, the adjuster representing appellant, to the effect that the appellant company acknowledged that it had a truck on the road that night crossing the highway from Kingsville to Corpus Christi.

We fail to see any conduct of the jury prejudicial to appellant that should cause a reversal of this case and a new trial. We will not undertake to set out the testimony on this point.

It was shown that the truck which was damaged did not belong to appellee, but to his father, and therefore the court instructed the jury not to consider the injury to the truck and the cost of repairing it, in arriving at the measure of damages suffered by appellee.

The judgment is small, and we think the case has been fully tried and properly disposed of. There is no error shown that should cause a reversal, and the judgment is affirmed.

On Motion for Rehearing.

SMITH, J.

■■ On further consideration and analysis of the evidence, we conclude that it was sufficient to support the jury finding that the truck causing the accident was one belonging to appellant, and was being operated at the time by an employee of appellant on the latter's errand. We will restate the substance of the evidence. Shortly after the accident the constable at Bishop went from the scene of the accident in pursuit of the "hit and run" truck, a description of which had been furnished him. After going a few miles he overtook a truck answering that description, examined it, found marks on it identifying it with the offending truck. In response to questions, the negro driver told the constable that he was "working" for appellant, and that the truck belonged to the latter. Subsequently, one of the partners constituting appellant admitted that on the night of the accident one of appellant's north-bound trucks, operated by a negro driver, passed along the road on which the accident occurred. Appellant did not put this driver on the witness stand to refute any of this testimony, which was therefore uncontroverted. We conclude that this testimony, considered in connection with the failure of appellant to produce said driver as a witness, is sufficient to take to the jury the issue of whether the offending truck was in fact owned by appellant and operated by its driver. The admission of the individual appellants that one of their trucks was being operated on that road that

night by one of its drivers is sufficient, in connection with the other facts proven, to raise the inference that said driver was operating the truck in the course of his employment.

We conclude that the judgment should be affirmed in accordance with the opinion of Associate Justice COBBS. Accordingly, appellee's motion for rehearing is granted, the majority opinion withdrawn, and the judgment affirmed.