MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. MRS. LINNIE BLALACK ET AL.

No. 2236.  Decided June 5, 1912.

1.—Master and Servant—Federal Law—Jurisdiction.

To bring the case of an express messenger killed in the wreck of a train by alleged negligence of the railway company within the operation of the Federal Employers Liability Act (Act of Congress, April 22, 1908) defendant, relying on such Act as depriving the state court of jurisdiction, must show that deceased was in its employ. This was not done by mere evidence that he handled baggage on the train. (P. 297.)

2.—Carrier—Passenger or Servant—Express Messenger.

One employed by an express company as its messenger to accompany and care for its express matter on the train of a railway company, occupies toward the latter the relation of a passenger and not of an employee. How the railway is compensated for his transportation, or whether compensated, is immaterial. (Pp. 297, 298.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Mrs. Blalack and others sued the railway company and had judgment. Defendants appealed and on affirmance applied for a writ of error, which was at first refused, afterwards granted on motion for rehearing.

*Coke, Miller & Coke,* and *Templeton, Craddock, Crosby & Dinsmore,* for plaintiff in error.—The court erred in failing at the conclusion of the evidence to withdraw the case from the jury and to dismiss the cause, because it appeared from the evidence that Frank Blalack at the time he was injured was an employe of the defendant engaged in interstate commerce, and that under the constitution and laws the District Court of Hunt County had no jurisdiction to hear and determine said cause, but the Circuit Court of the United States had exclusive jurisdiction to hear and determine said cause. Constitution of the United States, art. 6, clause 2; G. C. & S. F. Ry. Co. v. Hefley, 158 U. S., 102; Henderson v. Wickersham, 92 U. S., 259; Morgan's La. & T. R. & S. S. Co. v. La. Board of Health, 118 U. S., 646; Cooley v. P. P. Wardens, 12 How., 299; Act of Congress, April 22, 1908, the Employer's Liability and S. A. Acts, 243; Luter v. Hunter, 30 Texas, 698; Branch v. Lowery, 31 Texas, 100; Houston E. & W. T. Ry. v. Peters, 40 S. W., 429; Fulgham v. Midland Valley R. Co., 167 Fed. Rep., 660; Constitution of the United States, art. 3, secs. 1 and 2; Martin v. Hunter's Lessee, 1 Wheat., 330; Houston v. Moore, 5 Wheat., 27; Robertson v. Baldwin, 165 U. S., 179; Hoxie v.

N. W. & H. R. Co. (Conn.) 73 Atla., 754; Claflin v. Houseman, 93 U. S., 136.

*J. P. Yates* and *W. A. Shields,* for defendant in error.—Without regard to the correctness or otherwise of appellant's propositions, the facts of the case fail to make such propositions applicable thereto. Mondore v. Railway Co., 32 Sup. Ct. Rep., 169.

The laws of the United States are operative within the states, and wherever rights of property are created by such laws, and the jurisdiction of the state courts is not expressly or by implication excluded, such rights may be enforced in state courts competent to decide rights of like character or class. Ry. Co. v. Piper, 115 S. W., 107; Claflin v. Houseman, 93 U. S., 130, 23 L. Ed., 833; Defiance Walter Co. v. Defiance, 19 U. S., 185, 43 L. Ed., 140; Wilcox v. Luco, (Cal.) 45 L. R. A., 579.

Mr. Chief Justice Brown delivered the opinion of the court.

The plaintiff in error was operating passenger trains over its line of road from Greenville, Texas, to Shreveport, Louisiana, and we will assume that Shreveport is in the State of Louisiana. For the purposes of this case we will assume that the employes engaged in operating the through trains were engaged in interstate commerce, and, in case of injury while so engaged, the liability of the railroad company must be ascertained under the Act of the Congress of the United States known as the Employers' Liability Act.

The defendants in error claimed that Frank Blalack, the husband of Mrs. Linnie Blalack, father of the minors, and son of Mrs. M. E. McKinney, was an agent of the Express Company, employed and paid by it and entitled to ride upon defendant's cars under the contract between the companies. The evidence, which might have been but was not controverted, sustained plaintiffs' allegation and showed that Blalack was on defendant's train as a passenger. The railroad pleaded that Blalack was in its employ at the time, but the only proof offered was that Blalack handled baggage, which was the work of an employe. There was no proof of any employment of Blalack by the railroad company, nor of the payment of any part of his wages, nor of any right of control over him. If the facts existed it was so easy to have produced the evidence that the failure to do so impresses upon the mind a conviction that the claim was unfounded. The defendant was required to prove that deceased was in its employ in order to avail itself of the Federal law, and, having failed, the State law governed. All the propositions and learned arguments as to the superiority of the Federal law become immaterial. This court has never questioned that the Constitution of the United States and the laws enacted by Congress in the exercise of powers derived from that Constitution are superior to the laws of this State on the same subjects. The failure to show Blalack to have been a servant of defendant renders all arguments and authority on this subject superfluous. We express no opinion on that question.

In its application for writ of error, which was refused, the rail-

road company presented a number of assignments. Subsequently the railroad company filed a motion for rehearing of the application upon two grounds, both being based upon the general proposition that the deceased was at the time of his death the employe of the railroad company and was engaged in interstate commerce, therefore the rights of the plaintiff and the liability of the defendant must be determined by the provisions of the Federal Employers' Liability Act. The rehearing was granted expressly upon that ground. In presenting the case to this court by oral argument counsel for plaintiff in error confined themselves to that issue.

We will not review the many assignments which counsel virtually abandoned and which we believe were correctly decided in the refusal of the application.

What was the relation between Blalack and the railroad company? The undisputed evidence is that Blalack was at the time of his death employed by the American Express Company as its messenger to accompany and care for its express matter on the train of the plaintiff in error. In Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Texas, 375, Judge Stayton said: "We are of opinion that essentially the relation of carrier and passenger exists in every case in which the carrier receives and agrees to transport another not in its employment, whether this be by contract between them or between the carrier and some other person in whose employment the person to be carried is, for the purpose of transacting on the train the business of his employer, as in the case of mail agents, express agents or messengers and others having duties to their employers to perform which can be performed only by such persons traveling on railway trains or other public conveyances.

"Whether the public carrier of passengers receives an agreed compensation for the transportation of such persons, is compensated therefor by the charge for the car or for transportation of the property of which the person to be carried has charge, or receives no compensation whatever for the carriage of such a person, is a matter of no importance.

"It is enough that he is lawfully on the car and entitled to transportation to give to him the character of a passenger and to entitle him to recover for an injury resulting from the negligence of the carrier or its servants, if this occurs without fault on his part."

The extract fits this case and establishes the relation of Blalack to the railroad company to have been that of passenger. Houston & T. C. Ry. Co. v. Hampton, 64 Texas, 427.

Blalack being a passenger on the train, the evidence was amply sufficient to justify the jury in finding that the employes in charge of the train and of the road bed did not exercise that high degree of diligence due to a passenger.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed.

*Affirmed.*