JONES v. NEW YORK CENT. R. CO. et al.

No. 11039.

United States Court of Appeals
Sixth Circuit.

June 1, 1950.

---

Marvin C. Harrison, Cleveland, Ohio, Marvin C. Harrison, Harrison, Thomas, Spangenberg & Hull, Cleveland, Ohio, on the brief, for appellant.

Robert M. Weh, Cleveland, Ohio, R. M. Weh, Burgess, Fulton & Fullmer, Cleveland, Ohio, on the brief, for appellees.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

HICKS, Chief Judge.

■ The gist of the complaint in this case is, that appellant, plaintiff below, an express messenger for appellee, Railway Express Agency, Inc. (herein called Express Agency), while on duty on an express car forming part of a New York Central Railroad Company train, en route from Cleveland to St. Louis, sustained injuries when struck by an Express Agency truck as he was re-mounting the car at Terre Haute, Indiana. He brought suit under the Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The case was tried to the court without the intervention of a jury and upon a stipulation of facts. Because of this stipulation the court concluded that there was no genuine issue raised as to any material facts, and obviously for this reason it did not make findings in accordance with Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., as such findings were not required. See Lucking v. Delano, 74 App.D.C. 134, 122 F.2d 21, 22; Thomas v. Peyser, 73 App. D.C. 155, 118 F.2d 369, 374.

The parties are in agreement upon the questions here involved, i. e.,—

First, is the Express Agency a common carrier by railroad so as to be liable to its employees under the Employers' Liability Act?

Second, when an employee of the Express Agency is injured while working on a railroad train, is he entitled to the benefits of the Act as an employee of that railroad?

The court answered both questions in the negative. It found in its memorandum opinion and in the judgment that appellee, the Express Agency, is not a "common carrier by railroad" and that therefore the Act is not applicable. It further found that appellant Jones was an employee of the Express Agency and not an employee of appellee Railroad Company.

■ We think the court was correct in both instances. The Federal Employers' Liability Act, supra, provides: "Every *common carrier by railroad* while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury or death resulting in whole or in part from the negligence of * * * such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. * * *" (Italics ours.)

■ In Wells Fargo & Co. v. Taylor, 254 U.S. 175, 187, 41 S.Ct. 93, 98, 65 L.Ed. 205, the court said: "In our opinion the words 'common carrier by railroad' as used in the act, mean one who operates a railroad as a means of carrying for the public—that is to say, a railroad company acting as a common carrier. This view not only is in accord with the ordinary acceptation of the words, but is enforced by the mention of cars, engines, track, roadbed and other property pertaining to a going railroad (see Southern Pacific Co. v. Jensen, 244 U.S. 205, 212–213, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann. Cas.1917E, 900); by the obvious reference in the latter part of sections 3 and 4 [45 U.S.C.A. §§ 53, 54] to statutes requiring engines and cars to be equipped with automatic couplers, standard drawbars and

other appliances intended to promote the safety of railroad employes (see San Antonio & Aransas Pass Ry. Co. v. Wagner, 241 U.S. 476, 484, 36 S.Ct. 626, 60 L.Ed. 1110); by the use of similar words in closely related acts which apply only to carriers operating railroads (27 Stat. 531, c. 196 [45 U.S.C.A. §§ 1–7]; 35 Stat. 476, c. 225 [45 U.S.C.A. §§ 17–21]; 36 Stat. 350, c. 208 [45 U.S.C.A. §§ 38–43]); and by the fact that similar words in the original Interstate Commerce Act had been construed as including carriers operating railroads *but not express companies doing business as here shown.* 1 Interst.Com. Com'n R. 349; United States v. Morsman, D.C., 42 F. 448; Southern Indiana Express Co. v. United States Express Co., C.C., 88 F. 659, 662; Id. 7 Cir., 92 F. 1022. And see American Express Co. v. United States, 212 U.S. 522, 531, 534, 29 S.Ct. 315, 53 L.Ed. 635."

See also Chicago New York & Boston Refrig. Co. v. Interstate Commerce Com'n, 265 U.S. 292, 44 S.Ct. 558, 68 L.Ed. 1024.

The Wells Fargo case was not a suit for damages but it did announce an interpretation of the Act upon the question here involved. We find nothing in the record sufficient to differentiate the Express Agency from Wells Fargo & Company or to place it in a separate category. It was a New Jersey corporation organized to carry the express transportation business of various railroad companies and other carriers. It is undoubtedly true that the Express Agency is a common carrier and as such is subject to all the duties and responsibilities of a common carrier at common law but it is not a common carrier by railroad. The Act was passed in 1908 and the Wells Fargo case was decided in 1929. The Act was amended in 1939 but no effort was then made to include express companies within its terms. We are therefore justified in concluding that the Wells Fargo case had legislative approval. United States v. Elgin J. & E. Ry. Co., 298 U.S. 492, 500, 56 S.Ct. 841, 80 L.Ed. 1300.

The answer to the second question is found in Robinson v. Baltimore & Ohio R. R. Co., 237 U.S. 84, 94, 35 S.Ct. 491, 494, 59 L.Ed. 849, in which the court said: "We are of the opinion that Congress used the words 'employee' and 'employed' in the statute in their natural sense, and intended to describe the conventional relation of employer and employee. It was well known that there were on interstate trains persons engaged in various services for other masters. Congress, familiar with this situation, did not use any appropriate expression which could be taken to indicate a purpose to include such persons among those to whom the railroad company was to be liable under the act."

The appellant, Robinson, had brought suit under the Act for damages alleged to have been received by him while on appellee's train as a porter, employed by the Pullman Company. To treat Jones, a messenger for the Express Agency, as an employee of appellee Railroad Company, which did not employ him, would be in effect to disregard the separate legal entity of that corporation. There is no showing of special circumstances to justify such a result.

In Gaulden v. Southern Pacific Co., D.C., 78 F.Supp. 651, 656, it was held that a contract between railroads and a refrigerator company for servicing refrigerator cars rented to railroads did not make the railroads employers of the refrigerator company's employee so as to subject the railroad company to suit by Gaulden, the employee, under the Act. The case was affirmed by the Court of Appeals of the Ninth Circuit, 174 F.2d 1022, upon the grounds and for the reasons stated in the opinion of the trial court.

In Missouri K. & T. Ry. Co. v. Blalack, 105 Tex. 296, 147 S.W. 559, it was held that an express messenger whose duty it was to accompany and care for express matter on the train of a railroad company was not an employee of the railway company. This was held on the authority of Gulf C. & S. F. Ry. Co. v. Wilson, 79 Tex. 371, 375, 15 S.W. 280, 11 L.R.A. 486, 23 Am.St.Rep. 345.

The judgment appealed from is affirmed.