**STRAUSS v. READING CO.**

Civ. No. 14837.

United States District Court
E. D. Pennsylvania.

July 20, 1953.

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Henry R. Heebner, Philadelphia, Pa., for defendant.

CLARY, District Judge.

During the lifetime of George Felder an action was instituted by him under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. against the defendant Reading Company to recover for injuries sustained by him. The complaint alleges that the said George Felder was employed by defendant as a freight handler. The defendant Reading Company has moved to dismiss the action on the ground that the Court lacks jurisdiction over the subject matter for the reason that Felder was not an employee of the Reading Company and consequently his claim is not within the purview of the said Act. Jurisdiction of this Court was grounded upon the Federal Employers' Liability Act inasmuch as Felder was a resident of Pennsylvania, as is the defendant, and there was, therefore, no diversity of citizenship. Defendant has filed two affidavits in support of its motion to dismiss and has taken depositions of the contractor, its marine agent, and a clerk of the shipping company. Counsel for plaintiff has filed an affidavit in opposition to the motion. The defendant's affidavits and depositions tend to indicate generally that Felder was not in the employ of the Reading Company at the time of the alleged accident nor was he engaged in any work at the request of or for the Reading Com-

pany. The affidavits allege instead that the work which was being performed at that time was being conducted by the Lavino Shipping Company, a firm of stevedores which was engaged in the unloading of chrome ore from a vessel into gondola freight cars, and that it was in the performance of this work that Felder was injured.

Counsel for plaintiff, on the other hand, in his affidavit avers that Felder was employed by E. W. Coslett & Sons under circumstances whereby he was in fact engaged in the work of the Reading Company and was therefore an employee of the Reading Company. Plaintiff's counsel alleges that all of the work performed by Felder was on premises owned by the Reading Company and that his work was subject to the continual direction and control of the defendant's supervisory employees and was performed for and on the business of the defendant in loading, unloading and servicing loads of freight on railroad cars used in defendant's business. His affidavit alleges further that these services were performed pursuant to a contract between defendant and E. W. Coslett & Sons, which contract was for the purpose of enabling defendant, a common carrier by railroad, to exempt itself from liability under the Federal Employers' Liability Act and that the contract is void under the provisions of 45 U.S.C. § 55. His affidavit alleges further that the work being performed by Felder was in no way connected with the unloading of the chrome ore from the vessel to the freight cars but rather was performed by Felder in the preparation of defendant's cars to receive the cargo of chrome ore and in the treating of the cargo to prevent its freezing while in transit to the consignee.

■ On a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Continental Colleries v. Shober, 3 Cir., 1942, 130 F.2d 631. Further, on motions to dismiss or for summary judgment, affidavits may be considered for the purpose of ascertaining whether an issue of fact is presented but cannot be used as a basis for deciding a fact issue. Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580.

■ Clearly, an issue of fact has been presented by the record thus far made and the motion of the defendant, therefore, must be denied. The issue thus raised is whether Felder was in fact an employee of the Reading Company at the time the injuries were sustained. That issue will involve the further fact issue as to whether the contract between Reading Company and E. W. Coslett & Sons was entered into for the purpose of enabling defendant to escape liability under the FELA. The issues thus presented seem to be similar to those in Cimorelli v. New York Central R. R. Co., 6 Cir., 148 F.2d 575; Pennsylvania R. Co. v. Roth, 6 Cir., 163 F.2d 161, and Pennsylvania R. Co. v. Barlion, 6 Cir., 173 F.2d 710, in which the holdings apparently support the position of the plaintiff in the instant case. These issues can only be determined upon a full development of the facts and circumstances surrounding the contract between defendant and Coslett and concerning the nature of duties performed by Felder at the time he was injured.

Defendant has cited in support of its contention that summary judgment should be granted, the case of Latsko v. National Carloading Corp., 6 Cir., 192 F.2d 905. That case appears to me only to stand for the proposition that National Carloading Corp., which might be likened to E. W. Coslett & Sons here, was not a common carrier. Actually, to the extent that the holding in that case affirmed a refusal to dismiss as to Erie Railroad Co. for the reason that a genuine issue of fact was presented by the pleadings as to whether the defendant railroad intended to avoid its liability under the FELA by acquiring all the stock of National Carloading Corp., the holding would seem to support plaintiff's position rather than that of the defendant.

The nature of the problem and the tests to be used in determining the question of

employer-employee relationship was stated by Circuit Judge Hamilton in Cimorelli v. New York Central R. R. Co. supra, in the following language 148 F.2d at page 577:

"We are here dealing with a legal problem so difficult that law writers were unclear and perplexed about it long before we came on the scene and no doubt they will so continue after we have gone, but there are extant certain intelligible, if imperfect, legal rules by which there may be an ascertainment of when a person is the employee of another, although his contract of employment is not directly ·made with such person. Each case must be decided on its peculiar facts and ordinarily no one feature of the relationship is determinative. One of the tests is who has the right of control over the work being done. Other recognized tests are the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price, the independent nature of the contractor's business, his employment of assistants with the right to supervise their activities, his obligation to furnish necessary tools, supplies and materials, his right to control the progress of the work except as to final results, the time for which the workmen are employed, the method of payment, whether by time or job, and whether the work is part of the regular business of the employer. The important test is the control over the details of the work reserved by the employer and to what extent the person doing the work is in fact independent in its performance. Restatement of the Law of Agency, Vol. 1, p. 483, ch. 7, Sec. 220."

It can readily be seen that a determination of the question whether Felder was an employee of the defendant at the time of the accident is not one to be disposed of summarily by affidavits or depositions, and the motion must therefore be denied.

### Sur Motion of Plaintiff for Leave to File Amended Complaint.

■ After the death of George Felder, Samuel W. Strauss was duly appointed Administrator of the Estate of George Felder and he was thereafter substituted as Plaintiff in this action. After the substitution of Strauss, the Administrator, a resident of New Jersey, he moved this Court for leave to file an amended complaint in which he seeks to set forth a second cause of action, one based on diversity of citizenship alone. Defendant opposes the motion for leave to file an amended complaint contending that this Court's jurisdiction must be tested upon the facts as they existed at the time the original action by Felder was instituted. Defendant's contention is that since Felder and the defendant were both residents of Pennsylvania, there was no diversity of citizenship and the subsequent substitution of the administrator cannot confer jurisdiction where none existed before. At the same time defendant contends that Strauss may institute a new action based on diversity of citizenship. Were Strauss's application to be denied at this time it is clear that he would institute a new action and undoubtedly thereafter he would move to consolidate the action thus instituted with the instant action. I can see no advantage to be gained by defendant by requiring the administrator to institute a new action. Defendant further objects that the cause of action based on diversity of citizenship is inconsistent with that asserted under the FELA but the practice of asserting inconsistent claims is expressly authorized by Fed.Rules Civ.Proc. rule 8(e), 28 U.S.C. which provides in part:

"* * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or both."

There appearing to me no disadvantage accruing to defendant by the granting of Strauss's motion, leave will be granted un-

der the provisions of Rule 15(a) which requires that leave to file an amended complaint be freely given when justice so requires.