**Waclaw MATUSIAK, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Civ. A. No. 131–55.**

United States District Court
D. New Jersey.

Oct. 4, 1955.

682

Samuel M. Cole, Jersey City, N. J., for plaintiff, Edward J. Madden, Jersey City, N. J., of counsel.

John W. Taylor, Newark, N. J., for defendant, John R. Kingsland, Newark, N. J., of counsel.

MODARELLI, District Judge.

This is a motion by the defendant under Rule 12(b)(6) to dismiss the complaint on the ground that at the time of plaintiff's alleged injuries he was not employed by the defendant-carrier, as is required under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The Act provides:

"Every common carrier by railroad while engaging in [interstate or foreign] commerce * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * *."

Rule 12(b)(6) empowers this court to dismiss a complaint which fails to state a claim upon which relief can be granted. I am not unmindful of the admonishment referred to in Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635, "* * * that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See also De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380. No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." The principle was emphatically reiterated in Frederick Hart & Co., Inc., v. Recordgraph Corporation, 3 Cir., 169 F.2d 580. But even under such a benevolent interpretation of Rule 12(b) (6), plaintiff must allege a "claim," a legal right, the infringement of which by defendant has caused damage to plaintiff. Further, while there is no doubt that the court may not decide questions of fact on this motion, nevertheless, a multitude of such questions cannot save a complaint in which no invasion of a legal right has been alleged. The general issue is: Assuming plaintiff could prove every allegation of his complaint, has he stated a claim against the defendant-railroad under the Federal Employers' Liability Act?

The court has liberally construed the complaint, but nowhere is there an allegation that at the time of his injuries plaintiff was employed by defendant. Moreover, paragraph 4 of the complaint alleges "That at all times hereinafter mentioned the plaintiff was employed as a longshoreman by the Jersey Contracting Corporation, and as such employee was engaged in the business of interstate commerce, together with and on behalf of the defendant, Pennsylvania Railroad Company." That paragraph cannot be construed to mean that although plaintiff was employed by the Jersey Contracting Corp., an independent contractor, in fact, he was subject to the control of the defendant, which apparently is plaintiff's argument on this motion. The allegation does not say that; it merely says that as the employee of Jersey he was engaged in business on behalf of defendant.

Plaintiff relies on Strauss v. Reading Co., D.C., 14 F.R.D. 457. In that case, however, the complaint alleged that plaintiff was employed by the defendant-railroad; in the case at bar, the legal question is whether the complaint has so alleged and this court holds that there is no such allegation. Additionally, in his answers to defendant's interrogatories, plaintiff clearly states that he was a laborer employed by the Jersey Contracting Corp. on the date of the alleged incident and for about four years prior thereto.

Plaintiff's counsel has submitted his own affidavit to the effect that while plaintiff received his pay from the Jersey

Contracting Corp., nevertheless, he was working under the supervision and control of the defendant's agents and employees. If such were the case, the facts relating thereto are peculiarly within the personal knowledge of the plaintiff so that even assuming the Act would apply if such were the facts (and plaintiff has cited no cases in support), the affidavit by his counsel is incompetent and its substantive assertions cannot be considered by the court on this motion because they are not facts within his personal knowledge.

Defendant submitted an affidavit by William J. Tuohey, vice-president and general manager of Jersey Contracting Corp. Paragraph 2 states: "On the night of December 3, 1954, Waclaw Matusiak was employed by Jersey Contracting Corp. to work on the pier extending out from the Greenville yards in Jersey City, New Jersey, as a longshoreman. He was at that time in the exclusive employment of Jersey Contracting Corp. and was hired and paid by it. He was subject to the orders and directions of the gang foreman, Mr. Twardy. He was not, at the time, employed or under the direction and control of Pennsylvania Railroad. His social security, unemployment and income taxes were deducted by this company from his salary. Mr. Twardy was an employee of Jersey Contracting Corp."

At the argument of this motion, Mr. Tuohey took the stand and was subjected to examination by the defendant and cross-examination by the plaintiff. He again reiterated on the stand what he swore to in the above affidavit. Plaintiff was not produced to deny Mr. Tuohey's testimony, nor was any request made to the court to permit the plaintiff to be produced for that purpose.

There is no allegation in the complaint which pleads either specifically or in substance, 45 U.S.C.A. § 55 which is the section of the Act which voids any device intended to enable the carrier to exempt itself from liability under the Act.

■ Finally, plaintiff argues that even though he was not employed by the defendant-railroad, he has stated a claim under the so-called Safety Appliances Act, 45 U.S.C.A. § 1 et seq. But that Act did not create a claim against the defendant-railroad.

"* * * by its own terms the Boiler Inspection Act, like the Safety Appliance Acts [45 U.S.C. § 1 et seq.], does not purport to confer any right of action upon injured employees. It merely makes violation of its prohibitions 'unlawful.' [Footnote omitted.] * * *

"In this view the Safety Appliance Acts, together with the Boiler Inspection Act, are substantively if not in form amendments to the Federal Employers' Liability Act. They dispense, for the purposes of employees' suits, with the necessity of proving that violations of the safety statutes constitute negligence; and making proof of such violations is effective to show negligence as a matter of law. Thus taken, as has been the consistent practice, the Boiler Inspection and Safety Appliance Acts cannot be regarded as statutes wholly separate from and independent of the Federal Employers' Liability Act. They are rather supplemental to it, having the purpose and effect of facilitating employee recovery, not of restricting such recovery or making it impossible." Urie v. Thompson, 1949, 337 U.S. 163, 188, 189, 69 S.Ct. 1018, 1033, 93 L.Ed. 1282.

■ Plaintiff chose to invoke the jurisdiction of this court solely under the Federal Employers' Liability Act. The Act creates a cause of action only for injured employees of the carrier who are injured in the course of their employment. Since plaintiff has not alleged either that he was employed by the defendant-railroad or that his employment was a mere device by the defendant to enable it to exempt itself from liability under the Act, plaintiff

684

has failed to state a claim upon which relief can be granted under the Federal Employers' Liability Act. The Safety Appliances Act does not confer a right of action—a claim, Urie v. Thompson, supra.

The argument on the motion definitely established that the plaintiff was the employee of the Jersey Contracting Corp., an independent contractor. He cannot recover in a suit under the Federal Employers' Liability Act. Drago v. Central R. Co., 93 N.J.L. 176, 106 A. 803, certiorari denied 251 U.S. 553, 40 S.Ct. 118, 64 L.Ed. 411, and many other cases so holding.

Defendant's motion to dismiss the complaint is granted.

An order may be submitted in conformity with the opinion herein expressed.